UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

and as INTERVENORS

CAROL ENGLE, VIRGINIA MONCADA,

STACIE EDWARDS-MELCHOR,

KIMBERLY SMITH and AMY MARTLETT

                Plaintiffs,                  **1:10-cv-03335-RWS**

    -against-

WILLIAM BARNASON, Superintendent,

STANLEY KATZ, Owner and Manager of

144 West 73rd Street, 140 West 75th Street,

142 West 75th Street, New York, New York,

and STEVEN KATZ, Manager of

144 West 73rd Street, 140 West 75th Street,

142 West 75th Street, New York, New York,

                Defendants.
-----------------------------------------------------------X

### REPLY DECLARATION OF DANIELA E. NANAU, ESQ., SUBMITTED PURSUANT TO 28 U.S.C. § 1746, UNDER PENALTY OF PERJURY, IN FURTHER SUPPORT OF INTERVENOR PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT WILLIAM BARNASON

1. I am an attorney and work as the senior associate at the Law Offices of Joshua Friedman, counsel to the Intervenor Plaintiffs Carol Engle, Virginia Moncada, Stacie Edwards-Melchor, Kimberly Smith and Amy Martlett (hereinafter the "Intervenor Plaintiffs").

2. I submit this Declaration in response to the Affirmation submitted by David Scudieri, Esq. in

1

opposition to the Intervenor Plaintiffs' Motion to compel discovery from his client, Defendant William Barnason. *See* Ex. I attached hereto, which contains a copy of the Affirmation In Opposition submitted by David Scudieri, Esq., dated July 11, 2011 ("Scudieri Aff.")[1].

3. In his Affirmation, Mr. Scudieri admits that Defendant Barnason responded to the Intervenor Plaintiffs' discovery demands for the first time on July 11, 2011, which is after Intervenor Plaintiffs' filed the instant Motion to compel discovery from Defendant Barnason on July 5, 2011. *See* Ex. I, Scudieri Aff., ¶ 4 ("Such responses where forwarded to Intervenor Plaintiffs['] counsel by facsimile and email on July 11, 2011.")

4. Mr. Scudieri also admits that he had prior notice of Intervenor Plaintiffs' intent to file this Motion. *See id.,* ¶ 5 ("While it is admitted that they were late and it is further acknowledged that counsel contacted my office before making the motion . . .. ).

5. Mr. Scudieri offers no reason for Defendant Barnason's failure to respond to Intervenor Plaintiffs' discovery demands until after this Motion was filed. *See generally* Ex. I.

6. Mr. Scudieri's opposition to this Motion consists of two points: 1) Intervenor Plaintiffs' counsel failed to give him sufficient time prior to the filing of this Motion to respond to the discovery demands; and, 2) Defendant Barnason has now responded to the Intervenor Plaintiffs' discovery demands and the Motion is moot. *See* Ex. I, Scudieri Aff., ¶¶ 5-7. Both points are wrong.

7. First, as demonstrated in the original Declaration submitted in support of this Motion on July 5, 2011, Defendant Barnason's counsel has had ample notice of the Intervenor Plaintiffs' intent to file this Motion. *See* Declaration of Daniela Nanau, dated July 5, 2011 ("Nanau Decl."). Despite Intervenor Plaintiffs' repeated requests for the discovery, Defendant Barnason responded to Intervenor Plaintiffs' discovery demands two months late and only after Intervenor

---

[1] Intervenor Plaintiffs have annexed David Scudieri's Affirmation to this Declaration as Ex. I because it appears that Affirmation was not served on the Court or the parties in Mr. Scudieri's filing on July 13, 2011. The filing on July 13, 2011 contained only an Affidavit of Service signed by Emily Garrick.

Plaintiffs' filed this motion, which is sanctionable conduct.

8. Intervenor Plaintiffs' initial demands were served on Defendant Barnason in July 2010.  *See* Ex. A(1) attached to Nanau Decl., dated July 5, 2011. On April 11, 2011, Intervenor Plaintiffs' re-served on Defendant Barnason their first set of discovery demands and served on him for the first time their second set of discovery demands.  *See* Ex. B attached to Nanau Decl., dated July 5, 2011. On June 2, 2011, Intervenor Plaintiffs' counsel inquired about Defendant Barnason's discovery responses by e-mail but Mr. Scudieri never responded to that email.  *See* Ex. D attached to Nanau Decl., dated July 5, 2011. On June 17, 2011, Intervenor Plaintiffs' counsel served on Mr. Scudieri a letter by express mail, which specifically provided notice of Intervenor Plaintiffs' intent to file this Motion.  *See* June 17, 2011 Letter To David Scudieri, attached to Nanau Decl., dated July 5, 2011, as Ex. E. at 3 ("[I]f Defendant Barnason fails to produce the information requested by the Intervenor Plaintiffs by Friday, June 24, 2011 we will move to compel production.").  Mr. Scudieri failed to respond to that letter.  *See* Nanau Decl., dated July 5, 2011, ¶ 12.  Intervenor Plaintiffs' counsel left several messages for Mr. Scudieri on June 29, 2011 to inform him of the Intervenor Plaintiffs' plan to file the instant Motion imminently because of Defendant Barnason's failure to respond in the face of the Intervenor Plaintiffs' repeated requests for the discovery.  *See id.*, ¶ 13-16; *see also* Ex. F, attached to Nanau Decl.

9. Defendant Barnason's unexplained, seemingly willful failure to respond to Intervenor Plaintiffs's discovery demands before Intervenor Plaintiffs were forced to file this Motion is misconduct that this Court must sanction by ordering Defendant Barnason to pay the Intervenor Plaintiffs' costs associated with bringing this Motion, including attorneys' fees.

10. As previously discussed in the Intervenor Plaintiffs' Memorandum of Law, submitted in support of this Motion on July 5, 2011, the cases construing Fed. R. Civ. Pro. 37 hold that the Court must award the moving party the costs of the motion if the sought-after discovery is produced

before an order directing its production is issued. *See Underdog Trucking, LLC v. Verizon Servs. Corp.,* No. 09 Civ. 8918, 2011 U.S. Dist. LEXIS 22228, at * 12 (S.D.N.Y. Mar. 7, 2011) ("Rule 37 provides that if a motion to compel is granted, *"or if the disclosure or requested discovery is provided after the motion was filed* — the court must . . . award reasonable motion expenses incurred in making the motion.") (quoting Fed. R. Civ. P. 37(a)(5)(A)) (emphasis added).

11. Therefore, Defendant Barnason's belated compliance with Intervenor Plaintiffs' discovery demands cannot insulate him from an order directing him to pay the cost of bringing this Motion because the imposition of that sanction is mandatory under Rule 37(a)(5)(A). *See Fendi Adele v. Filene's Basement, Inc.,* No. 06 Civ. 244, 2009 U.S. Dist. LEXIS 32615, at *14-15 (S.D.N.Y. Mar. 24, 2009) (fee-shifting appropriate "even if the discovering party ultimately obtains, through Herculian and expensive effort, the discovery to which it was entitled"); *see also Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) ("[Non-Movant's] hopelessly belated compliance should not be accorded great weight. Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall."); *Disabled Patriots of Am. v. Niagra Grp. Hotels, LLC*, No. 07 Civ. 284S, 2008 U.S. Dist. LEXIS 28031, at *7 (W.D.N.Y. Apr. 4, 2008) ("If production is made in the face of a motion to compel, the sanction of awarding these expenses must be imposed.").

12. Defendant Barnason's position that the instant Motion is now moot because he has responded to the Intervenor Plaintiffs' discovery demands is unavailing. Although it is true that Defendant Barnason did respond to Intervenor Plaintiffs' interrogatories and requests for documents, his responses are incomplete.

13. To date, Defendant Barnason has failed to produce for inspection one cell phone he used during his tenure working for Defendant Stanley Katz. *See* Barnason's Response to Intervenor

Plaintiffs' Document Request No. 7, reproduced at Ex, I (attached hereto) at page 14.

14. Intervenor Plaintiffs' counsel informed Defendant Barnason's attorney of this failure in a letter dated July 13, 2011.  *See* Ex. J attached hereto.

15. In that letter, Intervenor Plaintiffs' counsel noted that while Defendant Barnason had in in his possession one electronic device that he used during the relevant time period, no date, time and place for the requested inspection of that phone had been provided.  *See* Ex. J ("[N]o information has been provided to Intervenor Plaintiffs regarding the date, time and place at which Defendant Barnason will make that cell phone available for inspection.")

16. Intervenor Plaintiffs' counsel pointed out that Defendant Barnason's own deposition testimony suggests that there might be relevant electronically stored information ("ESI") on that cell phone and Defendant Barnason's responses could not be deemed complete without production of the cell phone for inspection.  *See* Ex. J ("Based on Defendant Barnason's deposition testimony, it is believed that the cell phone he has [] may contain relevant electronically stored information ('ESI').  Without production of the responsive ESI or the cell phone for inspection, Defendant Barnason's responses to the Intervenor Plaintiffs' discovery demands remain incomplete.").

17. In response to the Intervenor Plaintiffs' July 13 letter regarding inspection of the cell phone, Mr. Scudieri wrote the following in an e-mail: "If [inspection of the cell phone] is the only issue left I can find out when my client can come to meet with you to have you inspect the phone."  *See* Scudieri E-Mail, dated July 13, 2011 at 3:49 p.m. attached hereto as Ex. K.

18. In response to Intervenor Plaintiffs' further inquiries regarding the current status of the relevant cell phone, Mr. Scudieri admitted that the phone was still in Defendant Barnason's possession and that he, Mr. Scudieri, had never conducted an inspection of the phone to determine if it contained any ESI responsive to Intervenor Plaintiffs' discovery demands.  *See* Scudieri E-Mail,

dated July 13, 2011 at 7:10 p.m. attached hereto as Ex. L ("Oh I never took possession of the Phone at all. No I have not inspected it either.").

19. Mr. Scudieri's e-mail from July 13 at 7:10 p.m. reveals that Defendant Barnason's discovery responses, particularly those regarding the Intervenor Plaintiffs' discovery demands that seek relevant ESI[2] are incomplete because the cell phone at issue was never inspected by his counsel.

20. As soon as Defendant Barnason's counsel became aware of the existence of the cell phone which may contain relevant ESI, he should have taken possession of it to prevent the spoilage of relevant information, inspected it, and produced any information responsive to Intervenor Plaintiffs' discovery demands contained on the phone. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 4332-33 (S.D.N.Y. 2004) ("Once a party and her counsel have identified all of the sources of potentially relevant information, they are under a duty to retain that information (as per *Zubulake IV*) and to produce information responsive to the opposing party's requests.").

21. Neither Defendant Barnason nor his counsel should be permitted to shirk their obligation to search for and produce relevant discovery by merely producing the cell phone for inspection. This is particularly so because Defendant Barnason has knowledge regarding the functioning of that cell phone and the location of possibly responsive ESI saved on that cell phone, knowledge that the Intervenor Plaintiffs' counsel does not have.  Therefore, the Court should order Defendant Barnason and his counsel to fulfill their discovery obligations by searching the cell phone for responsive ESI first, produce any relevant ESI, and then make the phone available to Intervenor Plaintiffs' counsel for a second inspection.

22. Based upon the above recitation of facts and the exhibits attached hereto, as well as the

---

2   For example, in Intervenor Plaintiffs' Second Set of Discovery Demands, Document Request No. 6 seeks from Defendant Barnason "all documents, including electronically stored information ("ESI"), photographs and videos, reflecting communications with any of the Intervenor Plaintiffs, including Carol Engle, Kimberly Smith, Virginia Moncada, Stacie Edwards and Amy Marlett. Produce all electronically stored information in native format with all metadata preserved. *See* Ex. A(2) attached to the Nanau Decl., dated July 5, 2011.

Memorandum of Law in Support of the Intervenor Plaintiffs' Motion, the Nanau Declaration and exhibits filed with the Court on July 5, 2011, the Intervenor Plaintiffs' respectfully request that the Court order Defendant William Barnason to produce the requested discovery forthwith and to pay the costs of bringing the instant Motion.

WHEREFORE, it is respectfully requested that the Court issue an Order directing Defendant William Barnason to produce all of the information in his possession that is responsive to the Intervenor Plaintiffs' discovery demands, including but not limited to production of the relevant cell phone for inspection, and to pay the costs of bringing the instant Motion, including but not limited to attorneys' fees, and for such other and further relief as this Court deems just and proper.

Dated: Glendale, New York
July 15, 2011

                LAW OFFICES OF JOSHUA FRIEDMAN
By: _____
            Daniela E. Nanau
25 Senate Place
Larchmont, New York 10538
Telephone: (212) 308-4338
Facsimile: (866) 731-5553
E-mail: Daniela@joshuafriedmanesq.com

Attorneys for Intervenor Plaintiffs