UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

and as INTERVENORS
CAROL ENGLE, VIRGINIA MONCADA,
STACIE EDWARDS-MELCHOR,
KIMBERLY SMITH and AMY MARTLETT

                                    Plaintiffs,                    **1:10-cv-03335-RWS**

          -against-

WILLIAM BARNASON, Superintendent,
STANLEY KATZ, Owner and Manager of
144 West 73rd Street, 140 West 75th Street,
142 West 75th Street, New York, New York,
and STEVEN KATZ, Manager of
144 West 73rd Street, 140 West 75th Street,
142 West 75th Street, New York, New York,

                                    Defendants.
-------------------------------------------------------------X



### INTERVENOR PLAINTIFFS' MOTION TO COMPEL
### DISCOVERY FROM DEFENDANT WILLIAM BARNASON

## I. INTRODUCTION

     Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Intervenor Plaintiffs

Carol Engle, Virginia Moncada ("Moncada"), Stacie Edwards-Melchor, Kimberly Smith,

and Amy Martlett, (hereinafter the "Intervenor Plaintiffs") by and through their attorneys,

the Law Offices of Joshua Friedman, respectfully submit this Memorandum of Law in

support of their motion to compel discovery from Defendant William Barnason

(hereinafter "Defendant Barnason").

*12.8.11*

*Motion granted
with respect to
cell phone discovery
and otherwise denied
as moot with leave granted
to move for further discovery
So ordered   [signature]   USDJ*

This motion is necessitated by Defendant Barnason's failure to respond in any way to Intervenor Plaintiffs formal discovery demands. He has not even served objections.

Plaintiff United States of America initiated this action against Defendants William Barnason and Stanley Katz on or about April 20, 2010, claiming that Defendants violated the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 1306 *et seq.* (hereinafter "Fair Housing Act") by subjecting the female tenants residing at properties owned by Defendant Stanley Katz to repeated sexual harassment. *See* USA Complaint, ¶ 11.

On or about July 9, 2010, the Intervenor Plaintiffs' filed their own Complaint in the action commenced by Plaintiff United States of America, alleging, *inter alia*, that they were subjected to sexual harassment by Defendants William Barnason, Stanley Katz and Stephen Katz during their tenancies at properties owned by Defendant Stanley Katz in violation of the Fair Housing Act and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, as amended N.Y.C. Admin. Code §§ 8-107(5)(a) and 8-502. *See* Intervenor Plaintiffs' Complaint, ¶¶ 1, 6-32.

As will be discussed in detail below, the Intervenor Plaintiffs have served two sets of discovery demands on Defendant Barnason during the course of this litigation to which he has not responded at all. Intervenor Plaintiffs' counsel has tried to resolve this dispute without Court intervention by attempting to engage Defendant Barnason's attorney, David Scudieri, in a conversation about this issue. That effort has proved to be fruitless, which is why the Intervenor Plaintiffs must make the instant Motion for relief. Intervenor Plaintiffs' ability to adequately prepare for trial is being prejudiced by

2

Defendant Barnason's continued failure to respond to Intervenor Plaintiffs' discovery demands. Therefore, the Intervenor Plaintiffs' respectfully request that the Court order Defendant Barnason to produce all of the information in his possession that is responsive to Intervenor Plaintiffs' discovery demands forthwith and to pay the costs of bringing this Motion, including attorneys' fees.

## II.  INTERVENOR PLAINTIFFS' UNSUCCESSFUL EFFORTS TO OBTAIN DISCOVERY FROM DEFENDANT BARNASON

The Intervenor Plaintiffs have served Defendant Barnason with two sets of discovery demands during the course of this litigation. *See* Exs. A (1) and A(2) attached to the Declaration of Daniela E. Nanau, dated July 5, 2011 (hereinafter "Nanau Decl."). The first set was served on Defendant Barnason's counsel by e-mail in July 2010. *See* Ex. A(1). The Intervenor Plaintiffs' second set of discovery demands were sent to Mr. Scudieri by e-mail and Priority Mail on April 11, 2011. *See* Ex. B. At Intervenor Plaintiff Stacie Edwards' deposition, which was held on April 5, 2011, Intervenor Plaintiffs' counsel inquired about Defendant Barnason's responses to Intervenor Plaintiffs' first set of discovery demands. Nanau Decl., ¶ 6. Mr. Scudieri expressed some doubt about having received Intervenor Plaintiffs' initial demands in 2010. *Id.* For that reason, Intervenor Plaintiffs' counsel re-served a copy of the Intervenor Plaintiffs' first set of discovery demands on Mr. Scudieri by e-mail and Priority Mail on April 11, 2011. *See* Nanau Decl., ¶ 6; Ex. B. Defendant Barnason failed to timely respond to the discovery demands served on him on April 11, 2011. Nanau Decl., ¶ 7.

On June 1 and 2, 2011, counsel to the Intervenor Plaintiffs and Defendant Barnason successfully corresponded by e-mail regarding production of Defendant Barnason's tax documents, a copy of which Intervenor Plaintiffs' counsel informally

3

requested in an e-mail. *See* Nanau Decl., ¶ 8; Ex. C. Defendant Barnason's attorney produced the requested documents in an e-mail sent to Intervenor Plaintiffs' counsel at 8:47 a.m. on June 2, 2011. Nanau Decl., ¶ 8; Ex. C. However, Mr. Scudieri never responded to an e-mail inquiring about Defendant Barnason's responses to the Intervenor Plaintiffs' formal discovery demands, which Intervenor Plaintiffs' counsel sent five hours later on June 2nd. *See* Nanau Decl., ¶ 9; Ex. D. Intervenor Plaintiffs' counsel never received any indication that the e-mail she sent to Mr. Scudieri at 2:05 p.m. on June 2nd did not reach its intended destination. Nanau Decl., ¶ 10.

On June 17, 2011, Intervenor Plaintiff's' counsel wrote a letter to Mr. Scudieri regarding the Intervenor Plaintiffs' intent to file the instant Motion if Defendant Barnason failed to produce the requested discovery by Friday, June 24, 2011. *See* Nanau Decl., ¶ 11; Ex. E. On Friday, June 24, 2011, counsel to the parties (except for Defendant Stanley Katz's attorney) attended a telephone conference to discuss Defendants' request for an extension of discovery. Nanau Decl., ¶ 12. At no time during that telephone conference or at any other point on June 24th did Mr. Scudieri speak to Intervenor Plaintiffs' counsel regarding Defendant Barnason's overdue discovery responses. *Id.*

Intervenor Plaintiffs' counsel made one last attempt to discuss this matter with Defendant Barnason's attorney on June 29, 2011. Nanau Decl., ¶ 13. Intervenor Plaintiffs' attorney called Mr. Scudieri's law office and was informed that he is on vacation for the week of June 27, 2011 and will not be checking his voicemail or email until he returns on July 5th. *Id.*, ¶ 14. Nevertheless, Intervenor Plaintiffs' counsel left a voicemail and sent a follow-up e-mail to Defendant Barnason's attorney in which she notified him that the Intervenor Plaintiffs' would file a motion to compel the requested discovery from

4

Defendant Barnason if the requested discovery was not produced forthwith. *Id.,* ¶ 15; *see also* Ex. F attached to Nanau Decl.

At the time of this filing, Intervenor Plaintiffs had received no discovery from Defendant Barnason in response to their two formal demands. *Id.,* ¶ 16.

## III.   DEFENDANT BARNASON'S MISCONDUCT PREJUDICES INTERVENOR PLAINTIFFS' TRIAL PREPARATION

Pursuant to the Court's Scheduling Order, dated April 26, 2011, the parties are required to conclude discovery by July 3, 2011 and file pre-trial submissions by September 14, 2011. Defendant Barnason's continued failure to respond to Intervenor Plaintiffs' discovery demands (which are attached to the Nanau Decl. as Exs. A(1) and A(2))[1] prejudices their ability to adequately prepare for trial, which could commence soon after the pre-trial conference in mid-September.

Particularly important to the Intervenor Plaintiffs' trial preparation is the production of any electronically stored information ("ESI") that Defendant Barnason may have in his possession regarding his communications with the Intervenor Plaintiffs. At his deposition, Defendant Barnason testified that he had in his possession several cell phones, which could contain text messages and other ESI from or concerning the Intervenor Plaintiffs that were not previously produced by Defendant Stanley Katz (who has produced several text messages exchanged by Defendant Barnason and Intervenor Plaintiff Moncada):

---

[1] To comply with Local Rule 37.1, the Intervenor Plaintiffs' incorporate as if fully set forth herein the discovery demands set forth in Intervenor Plaintiffs' First Set Of Discovery Demands To Defendant William Barnason, dated July 12, 2010, attached to the Nanau Decl. as Ex. A(1) and Intervenor Plaintiffs' Second Set Of Discovery Demands For Defendant William Barnason, dated April 11, 2011, attached to the Nanau Decl. as Exhibit A(2).

Q Do you know how many other texts or if there are any other texts on the
cell phones that you possess that have not been produced?
A I couldn't rightly answer that. I don't recall.
Q Okay. Have you done anything to try to take all of the texts regarding
the intervenor plaintiffs off those phones, other than taking the pictures of
these texts?
A Absolutely not.

* * *

Q But you kept the old phones?
A Yes.
Q Do you use them?
A No.

*See* Deposition of William Barnason, dated March 11, 2011 (hereinafter "Barnason
Dep.") at 267/4-14 268/10-13 (attached to the Nanau Decl. as Ex. G).

There is evidence that Defendant Barnason is in possession of relevant ESI that
has not already been produced by another party in this litigation. At his deposition,
Defendant Barnason testified he believed that one of the text messages produced by
Defendant Stanley Katz, a text message sent by Defendant Barnason to Intervenor
Moncada, was precipitated by a text message from Intervenor Plaintiff Moncada that has
not been produced:

Q Mr. Barnason, were you able to locate the text message where Ms.
Moncada texted you and asked you if you are cool with her or --
A No. I am not sure if that's the one we are looking for. I thought we were
looking for the one where she said, "have a good one."
Q No. We found that one.
A Oh, really? I couldn't find it.
Q I believe that we found it on 790.
A "Have a good one"?
Q "Have a good one."
A Oh, I can't read the time. That's what it is. Okay. The other one that you
are referring to?
Q Yes. You said that your text on 791, which you testified reads "I don't
know what that means, but" -- something -- "we are cool"?
A "We are cool."
Q You said that that was prompted by a message from Ms. Moncada
inquiring as to whether or not you are cool with her?
A Right. I cannot find it here.
Q You cannot find it?
A No, ma'am.

6

Q Well, I am going to call for the production of that text message as well.
A Okay.

Barnason Dep. at 281/22-283/2 (excerpt reproduced as Ex. G to Nanau Decl.).

In light of Defendant Barnason's deposition testimony, Intervenor Plaintiffs's served on Defendant Barnason a second set of discovery demands on April 11, 2011, which focused almost exclusively on demands seeking the production of relevant ESI and electronic devices containing relevant ESI for inspection that may be in Defendant Barnason's possession, which are reproduced for the Court as follows:

> **Document Request No. 6**: Produce all documents, including electronically stored information ("ESI"), photographs and videos, reflecting communications with any of the Intervenor Plaintiffs, including Carol Engle, Kimberly Smith, Virginia Moncada, Stacie Edwards and Amy Marlett. Produce all electronically stored information in native format with all metadata preserved.

> **Document Request No. 7**: Produce for inspection all cell phones, computers, cameras and other electronic devices used by Barnason during his employ at the Katz Buildings during the 2005-2010 time period.

*See* Intervenor Plaintiffs' Second Set of Discovery Demands For Defendant William Barnason, dated April 11, 2011, attached to the Nanau Decl. As Ex. A(2).

### IV.   INTERVENOR PLAINTIFFS HAVE MET REQUIRMENTS FOR COURT ORDER DIRECTING DEFENDANT BARNASON TO PRODUCE REQUESTED DISCOVERY AND PAY COSTS OF MOTION

A party cannot simply remain silent but must respond to requests for discovery. *See generally* Fed. R. Civ. P. 37 advisory committee's note to the 1970 amendments. Defendant Barnason is a named party in this litigation and as such is bound by the Federal Rules of Civil Procedure, which *inter alia,* require parties to respond to discovery demands. When a party fails to produce requested discovery, Fed. R. Civ. P. 37(a)(3)(B)

affords the party seeking discovery the ability to move for an order compelling answers to demands issued pursuant to Rules 33 and 34.

If the motion to compel discovery is granted, the Court must award the moving party the expenses incurred in making the motion, which includes attorneys' fees. *See* Fed. R. Civ. P. 37 (a)(5)(A) ("If the motion is granted . . . *the court shall* . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified[.]") (emphasis added).

The cases construing Rule 37 hold that the Court should award the moving party the costs of the motion even if the sought-after discovery is produced before an order directing its production is issued. *See Underdog Trucking, LLC v. Verizon Servs. Corp.*, No. 09 Civ. 8918, 2011 U.S. Dist. LEXIS 22228, at * 12 (S.D.N.Y. Mar. 7, 2011) ("Rule 37 provides that if a motion to compel is granted, *"or if the disclosure or requested discovery is provided after the motion was filed* — the court must . . . award reasonable motion expenses incurred in making the motion.") (quoting Fed. R. Civ. P. 37(a)(5)(A)) (emphasis added). Therefore, belated compliance with Intervenor Plaintiffs' discovery demands cannot insulate Defendant Barnason from an order directing him to pay the cost of bringing this Motion because the imposition of that sanction is mandatory under Rule 37(a)(5)(A). *See Fendi Adele v. Filene's Basement, Inc.*, No. 06 Civ. 244, 2009 U.S. Dist. LEXIS 32615, at *14-15 (S.D.N.Y. Mar. 24, 2009) (fee-shifting appropriate "even if the discovering party ultimately obtains, through Herculian and expensive effort, the

8

discovery to which it was entitled"); *see also Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) ("[Non-Movant's] hopelessly belated compliance should not be accorded great weight. Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall."); *Disabled Patriots of Am. v. Niagra Grp. Hotels. LLC*, No. 07 Civ. 2845, 2008 U.S. Dist. LEXIS 28031, at *7 (W.D.N.Y. Apr. 4, 2008) ("If production is made in the face of a motion to compel, the sanction of awarding these expenses must be imposed.").

Mere non-compliance is enough for the Court to impose sanctions pursuant to F.R.C.P. 37(a)(5)(A). *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc.,* No. 03 Civ. 5562, 2005 U.S. Dist. LEXIS 16772, at *37 (S.D.N.Y. Aug. 16, 2005) ("Under Rule 37(a), a finding of bad faith or willful misconduct is not required before the Court can award attorneys' fees."); *see also Cretella v. Liriano*, 370 Fed. App'x 157, 159 (2d Cir. 2010) (summary order) (discussing court's inherent power to impose sanctions); *Texas Instruments Inc. v. PowerChip Semiconductor Corp.,* No. 06 Civ. 2305, 2007 U.S. Dist. LEXIS 38312, at *30 (S.D.N.Y. May 24, 2007), *reconsideration denied by* 2007 U.S. Dist. LEXIS 50793 (S.D.N.Y. July 13, 2007) (bad faith required to impose sanctions pursuant to court's inherent power *but not for "discovery-related abuses"*).

In this case, the Court should award the Intervenor Plaintiffs the expenses they have incurred in bringing the instant Motion because Defendant Barnason cannot demonstrate that his failure to respond to Intervenor Plaintiffs' discovery demands was "substantially justified" or that "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 73(a)(5)(A)(ii) and (iii); *see also Underdog Trucking*, 2011 U.S. Dist.

LEXIS 2228, at * 12 (noting that Rule 37(a)(5)(A) "sets forth a rebuttable presumption in favor of awarding sanctions" against the non-moving party although "the Court may not award reasonable expenses . . . if the non-disclosure was 'substantially justified' or 'other circumstances make an award of expenses unjust.'") (citing Fed. R. Civ. P. 73(a)(5)(A)(ii), (iii)).

Conduct is substantially justified only if there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the contested action. *See, e.g., AAlpharma Inc. v. Kremers Urban Dev. Co.,* No. 02 Civ. 9628, 2006 U.S. Dist. LEXIS 79815, at *10 (S.D.N.Y. Oct. 31, 2006) (granting sanctions motion where opposing party's overbroad claims of privilege used to justify the withholding of discovery responses was not "substantially justified"). Defendant Barnason's failure to articulate *any* objections to the Intervenor Plaintiffs' discovery demands demonstrates that his failure to respond to Intervenor Plaintiffs' discovery demands is not justified.[2]

## V. CONCLUSION

For all of the reasons stated herein, Intervenor Plaintiffs respectfully request that the Court grant their Motion to compel the production of responses to their discovery demands by Defendant William Barnason and direct Defendant Barnason to pay for the

---

[2] Defendant Barnason cannot justifiably maintain that he has failed to respond to the Intervenor Plaintiffs' discovery demands because he is not a proper defendant in the Intervenor Plaintiffs' case. Defendant Barnason filed an Answer to the Intervenor Plaintiffs' claim wherein he notably did not raise any defenses based on the lack of personal jurisdiction and/or insufficient service of process. *See* Nanau Decl., Ex. H , which contains Defendant Barnason's Answer to the Intervenor Plaintiffs' Complaint, filed on March 23, 2011. Even if Defendant Barnason had raised those affirmative defenses, by appearing for his deposition and allowing the Intervenor Plaintiffs' attorney to examine him, Defendant Barnason's participation in discovery constitutes a waiver of any such defenses. *See* F.R.C.P. 4 cmt. C4-43 (1993) ("If later conduct by the defendant is found inconsistent with preservation of the jurisdictional objection, the court may hold that the defendant waived it[.]") (*quoted in Brescia v. Leff,* No. 3:04CV1680(PCD), 2006 U.S. Dist. LEXIS 81384, at *8-9 (D. Ct. Nov. 6, 2006) (denying defendants' motion for summary judgment premised on lack of jurisdiction due to improper service where defendants participation in discovery was inconsistent with their jurisdictional objection)).