UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

UNITED STATES OF AMERICA,

                 Plaintiff,

and

CAROL ENGLE, VIRGINIA MONCADA,
STACIE EDWARDS-MELCHOR, KIMBERLY
SMITH, and AMY MARLETT,

             Intervenor-Plaintiffs,

          – against –

WILLIAM BARNASON, Superintendent,
STEPHEN KATZ, Building Manager, and
STANLEY KATZ, Owner and Manager, of
144 West 73rd Street, 140 West 75th Street, and
142 West 75th Street, New York, New York,

             Defendants.

-------------------------------------------------------- x

ECF CASE

10 Civ. 3335 (RWS)

**CONSENT DECREE**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-9-12

## I. INTRODUCTION

1.    The United States filed this action to enforce the provisions of Title VIII of the Civil

       Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Act

       Amendments of 1988, 42 U.S.C. § 3601 *et seq.* The United States alleges that

       Defendants William Barnason ("Barnason"), Superintendent, Stanley Katz, Owner and

       Manager, and Stephen Katz, Building Manager, engaged in a pattern or practice of

       discrimination on the basis of sex, and/or a denial of rights to a group of persons, in the

       rental of the properties located 144 West 73rd Street, 140 West 75th Street, and 142 West

       75th Street, New York, New York (the "Properties"), in violation of 42 U.S.C. § 3614.

2.    Specifically, the United States alleges that Barnason, the Superintendent hired by Stanley

Katz, and a registered Level 3 sex offender, subjected multiple female tenants to extensive, unwelcome, and uninvited sexual harassment; conditioned aspects of tenancy on compliance with sexual favors; and created a hostile environment for female tenants, in violation of Sections 804(a), 804(b), 804(c), and 818 of the Fair Housing Act, 42 U.S.C. §§ 3604(a)-(c), 3617.  Such conduct is alleged to have included, but is not limited to:

    a.    unwanted verbal sexual advances, such as repeatedly soliciting sexual favors in exchange for reduction in rent payments;

    b.    unwanted sexual touching, such as kissing, grabbing tenants' breasts and other parts of their bodies inappropriately;

    c.    unwanted sexual language, including yelling obscenities to female tenants who did not comply with sexual demands;

    d.    conditioning the terms, conditions, and privileges of women's tenancy on the granting of sexual favors;

    e.    attempting to enter dwellings while drunk or inebriated, demanding sex;

    f.    granting and denying tangible housing benefits based on sex; and

    g.    taking adverse action against female tenants when they refused or objected to sexual advances.

3.    The United States also alleges that Stephen Katz, since taking over daily management of the Properties, created a hostile environment for female tenants by repeatedly subjecting them to vulgar and offensive epithets because of their gender, including calling female tenants "prostitutes," "whores," "bitches," and "cunts," threatening female tenants, and

engaging in other intimidating, humiliating, and abusive behavior, in violation of Sections 804(a), 804(b), 804(c), and 818 of the Fair Housing Act, 42 U.S.C. §§ 3604(a)-(c), 3617.

4.  The United States alleges that Stanley Katz is liable for the above-described discriminatory conduct of his agents/employees – Barnason and Stephen Katz – because the conduct occurred within the scope of Barnason's and Stephen Katz's respective agency, and because Stanley Katz was aware of his agents' conduct, condoned such conduct, and refused to take any reasonable steps to address the conduct, despite receiving numerous complaints.

5.  Five women intervened in the United States' lawsuit (collectively, the "Intervenor-Plaintiffs") and alleged that Defendants sexually harassed them in violation of Sections 804(b), 813(c), and 814(e) of the Fair Housing act, 42 U.S.C. §§ 3604(b), 3613(c), 3614(e), as well as Title 8, Chapter 1, of the Administrative Code of the City of New York, N.Y.C. Admin. Code § 8-101 *et seq.*, as amended, specifically Code §§ 8-107(5)(a) and 8-502.

6.  Defendants have answered the complaints of the United States and the Intervenor-Plaintiffs by denying these allegations in their entirety, and have alleged counterclaims against the Intervenor-Plaintiffs.  This Consent Decree shall not constitute an admission or acknowledgment by Defendants or a determination of the validity, of any claims asserted by the United States or the Intervenor-Plaintiffs.

7.  All parties have agreed that in order to avoid protracted and costly litigation, this controversy should be resolved without a trial or adjudication of any of the facts alleged by the United States and Intervenor-Plaintiffs.  Therefore, the parties consent to the entry

of this Consent Decree.

8.    This agreement constitutes full resolution of all claims asserted against each of the Defendants by the United States and Intervenor-Plaintiffs, and of all claims asserted against each of the Defendants by the United States on behalf of identified and unidentified aggrieved persons that lived at or applied to live at the Properties at any time prior to the date of this Consent Decree, as well as Defendants' counterclaims.

It is hereby ORDERED, ADJUDGED, AND AGREED that:

## II.  SCOPE AND TERM OF CONSENT DECREE

9.    The provisions of the Consent Decree shall apply to Defendants, their employees, agents, assigns, successors-in-interest, all persons in active concert or participation with any of them,and any Management Company or Manager retained pursuant to Paragraph 13 of this Consent Decree, except that the obligation for monetary payments to the United States and aggrieved persons shall only bind Defendants and their respective estates.

10.   This Consent Decree is effective immediately upon its entry by the Court.  For purposes of this Consent Decree, the phrase "date of this Consent Decree" shall refer to the date on which the Court enters this Consent Decree.

11.   Unless otherwise specified, the provisions of this Consent Decree shall be in effect for a period of five (5) years from the date of this Consent Decree.

## III.  INJUNCTION

12.   For the term of this Consent Decree, Stanley Katz is prohibited from managing the Properties.  Stanley Katz may retain Stephen Katz to manage the properties located at 140 West 75th Street, New York, New York, and/or 144 West 73rd Street, New York, New

4

York (together, the "Katz Properties").[1]  However, if the United States learns of any violations of this paragraph or paragraphs 14-16 of this Consent Decree by Stephen Katz, the United States reserves the right seek to all available judicial relief, including, but not limited to, obtaining an order requiring that Stanley Katz hire a Manager as described in paragraph 13 of this Consent Decree.  If retained to manage either of the Katz Properties, Stephen Katz must perform the following:

a.      Within sixty (60) days of the date of this Consent Decree, complete a program of educational training focusing on the sexual discrimination provisions of federal, state, and local fair housing laws, regulations, and ordinances.  Prior to attending any such program, Stephen Katz must obtain the United States's approval of the training program selected.  Stephen Katz shall provide to the United States, within thirty (30) days after the training, the name(s), address(es) and telephone number(s) of, and certifications executed by the trainers confirming his attendance;

b.      Within thirty (30) days of hiring any agent,[2] whether hired full time or part time, provide such agent(s) who have any interaction with tenants or prospective tenants in-person training, so as to ensure that such employees are familiar with the

---

[1]  At all times relevant to this lawsuit, Stanley Katz owned the Properties.  However, on or about March 27, 2012, Stanley Katz sold the property at 142 West 75th Street, New York, New York, in an arms-length transaction.  Accordingly, certain injunctive provisions of this decree apply with respect to Stanley Katz's remaining properties at 140 West 75th Street, New York, New York, and 144 West 73rd Street, New York, New York.

[2]  As used herein, the term "agent" means any person with whom Defendants have an agency relationship with respect to the Katz Properties, as determined by federal law.

policies and procedures developed pursuant to paragraph 16 of this Consent Decree, and the requirements of the Fair Housing Act, particularly as they pertain to sex discrimination and sexual harassment;

c.   Conduct a background check prior to hiring any agent, whether such agent is intended to work full time or part time.  Within ten (10) days of hiring any such agent, Stephen Katz shall provide a certification to the United States that a background check on the agent has been completed, as well as the results of the background check.

13.   As an alternative to hiring Stephen Katz, Stanley Katz may retain either an independent management company or independent manager, approved by the United States (hereinafter "Manager"), to manage the rental of either or both of the Katz Properties.  As used herein an "independent" management company or manager means one that is experienced in managing companies and in which Defendants have no financial, personal, or familial interest.  If after retaining an independent Manager Stanley Katz wishes to change the independent Manager, he may do so provided that any subsequent Manager must also be approved by the United States and comply with the requirements for the Manager as described in this Consent Decree.[3]

14.   Defendants, their agents, employees, successors, all persons currently in active concert or participation with them, and Stephen Katz or any Manager retained pursuant to Paragraph

---

[3] Unless otherwise directed in writing by the United States, all documents or other communications that are required to be sent to the United States shall be addressed as follows: United States Attorney's Office for the Southern District of New York, Attn: Civil Rights Unit, No. 10 Civ. 3335, 86 Chambers St., 3rd Floor, New York, NY 10007.

13 of this Consent Decree, as the case may be, are hereby enjoined from:

    a.     Refusing to rent a dwelling unit, refusing or failing to provide or offer information about a dwelling unit, or otherwise making unavailable or denying a dwelling unit to any person because of sex;

    b.     Discriminating against any person in the terms, conditions or privileges of renting a dwelling unit, or in the provision of services or facilities in connection therewith, because of sex;

    c.     Making, printing, publishing, or causing to be made, printed, or published any notice, statement or advertisement with respect to the rental of a dwelling unit that states any preference, limitation or discrimination based on sex; or

    d.     Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of her having aided and encouraged any other person in the exercise or enjoyment of, any right granted by 42 U.S.C. §§ 3603-6.

15.    Stephen Katz or the Manager, as the case may be, shall be responsible for all aspects of management of the Properties that are rented or available for rent, including showing and renting units, making repairs, collecting rents, determining whom to rent to and/or evict, and all other aspects of the rental process.  Barnason is permanently enjoined from entering the Properties.

16.    For the duration of this Consent Decree Stanley Katz shall require Stephen Katz or the Manager, as the case may be, to do the following:

    a.     Implement, subject to the United States's approval, a written policy against sexual

harassment, including a formal complaint procedure.  A copy of this policy and

procedure shall be provided to counsel for the United States within forty-five days

(45) days after the date of entry of this Consent Decree. This policy and procedure

shall be implemented fifteen (15) days after Stanley Katz provides the United

States with a copy of this policy, unless objected to by the United States, and at

that time Stephen Katz or the Manager, as the case may be, shall notify all new

and current tenants at the Katz Properties of the policy and procedure.  If the

United States objects to the policy and procedure, Stanley Katz must submit a

revised policy and procedure to the United States within fifteen (15) days of

receiving the United States' objection.

b.      Ensure that all of its agents who will be performing any duties in relation to the

Properties are familiar with the requirements of the Fair Housing Act.

c.      Post an "Equal Housing Opportunity" sign at the Katz Properties, and in any

rental office through which the Katz Properties are rented, which sign indicates

that all apartments are available for rent on a nondiscriminatory basis.  An 11 inch

x 14 inch poster substantially equivalent to the reduced sample appended to this

Consent Decree as Attachment A will satisfy this requirement.  Such poster shall

be placed in a prominent, well lit, and easily readable location.  To the extent the

Katz Properties are advertised through an independent rental agency or brokerage,

Stephen Katz or the Manager, as the case may be, shall request that such

independent rental agency or brokerage post the "Equal Housing Opportunity"

sign.

8

    d.    Require that all advertising conducted for any of the Katz Properties in newspapers, telephone directories, radio, television or other media, and all billboards, signs (including at the entrance to the property), pamphlets, brochures and other promotional literature, include either a fair housing logo, the words "equal housing opportunity provider," and/or the following sentence: "We are an equal opportunity housing provider.  We do not discriminate on the basis of race, color, national origin, religion, sex, familial status or disability." The words or logo should be prominently placed and easily legible.

    e.    Notify the United States in the event it obtains any information indicating that any Defendant is in violation of this Consent Decree relative to property managed by Stephen Katz or the Manager, as the case may be.

    f.    Maintain all rental records kept in relation to rental of the Katz Properties, and allow the United States to inspect and copy all such records upon reasonable notice.

    g.    Provide any information reasonably related to compliance with this Consent Decree that is requested in writing by the United States, including tenant files, tenants' telephone numbers, fair housing complaints, sexual harassment complaints, all documents related to any such complaints, and advertisements.

17.    Barnason is hereby permanently enjoined from operating, consulting, managing, staffing, participating in, working in (whether paid or unpaid), or otherwise having any involvement in the management, or maintenance of rental housing properties, including but not limited to those owned and/or managed by the other Defendants in this action,

except that he may perform maintenance on completely unoccupied properties, *i.e.*, properties in which all units are vacant.  In addition, with respect to properties that are not completely unoccupied, Barnason may perform maintenance in units that are vacant, so long as he is accompanied by an individual approved by the property's landlord, owner, or managing agent.

### IV.  COMPENSATION OF AGGRIEVED PERSONS

18.   Within thirty (30) days of entry of this Consent Decree, Defendants shall pay a total of $2,003,000 in monetary damages for the purpose of compensating the aggrieved persons identified by the United States and listed in Attachment B, in the manner and amount listed in Attachment B.

19.   All payments shall be distributed to the aggrieved persons, in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

20.   Defendants shall pay interest, which shall accrue *per annum* at the legal rate set forth in 28 U.S.C. § 1961 on any amount under the Consent Decree under paragraphs 18 and 22 that is outstanding after thirty (30) days from the date of this Consent Decree.  The accrued interest shall be paid to the United States pursuant to written instructions to be provided by the United States.

21.   Upon receipt of payment from Defendants pursuant to paragraph 18 of this Consent Decree, each of the aggrieved persons shall sign and deliver to counsel for the United States the release at Attachment C.  No aggrieved person shall be paid until he/she has executed and delivered to counsel for the United States the release at Attachment C.  Counsel for the United States shall then deliver true and correct copies of all such

executed releases to Defendants.

## V.  CIVIL PENALTY

22.  Within thirty (30) days of the entry of this Consent Decree, Defendants shall pay a total of $55,000.00 (fifty-five thousand dollars) payable to the United States Treasury as a civil penalty pursuant to 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.  The payment shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

23.  By consenting to entry of this Consent Decree, the United States and Defendants agree that in the event it is determined in any future action or proceeding brought by the United States or any agency thereof that Defendants have discriminated in violation(s) of the Fair Housing Act, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

## VI.  JUDGMENT PENALTY

24.  If Defendants fail to make any payment within the time or in the amounts set forth in paragraph 18, fail to pay the interest within the amount set forth in paragraph 20, or fail to pay the civil penalty within the time or in the amount set forth in paragraph 22, a judgment shall be entered immediately, without further notice or hearing, against Defendants in the amount of the outstanding balance owed under the terms of paragraphs 18, 20, and 22 of this Consent Decree.

25.  If judgment is entered pursuant to paragraph 24, the judgment will accrue post-judgment interest at the legal rate and in the manner set forth in 28 U.S.C. § 1961, and the parties agree that the United States and Intervenor-Plaintiffs are entitled to enforce collection of

11

that judgment by all legal means available, including, but not limited to, filing liens against Defendants' non-exempt real and personal property with respect to which Defendants have or acquire an ownership interest in whole or in part, garnishing Defendants' wages and bank accounts, and levying against Defendants' non-exempt real and personal property with respect to which Defendants have or acquire an ownership interest in whole or in part.

## VII. ACQUISITION OR TRANSFER OF INTEREST IN PROPERTIES

26.    If at any time while this Consent Decree remains in effect, Stanley Katz decides to sell or otherwise transfer any or all of his interest in any of the Properties, he shall notify the United States of the sale or transfer at least thirty (30) days prior to completion of the sale or transfer, and shall identify the potential purchaser(s) or person(s) to whom the interest is being transferred.

27.    Within thirty (30) days following completion of the sale or other transfer, Stanley Katz shall provide the United States a copy of the documents memorializing the transfer in interest of the property.

28.    If Stanley Katz complies with paragraphs 26-27 of this Consent Decree, and sells or transfers all of part of his interest to anyone other than an arms-length purchaser or transferee, Stanley Katz shall remain jointly and severally liable, along with the purchaser or other transferee, for any violations of Sections II-III, and VI of this Consent Decree. For purposes of this paragraph, persons who are not arms-length purchasers or transferees shall include, but shall not be limited to Stanley Katz's wife, children, children's spouses, and grandchildren.

## VIII.  MISCELLANEOUS PROVISIONS

29.  Any time limits for performance imposed by this Consent Decree may be extended by mutual written agreement of the parties.

30.  All parties shall be responsible for their own attorneys' fees and court costs, except as provided for in Paragraph 32, below.

## IX.  DISMISSAL

31.  Upon entry of this Consent Decree, this case shall be dismissed.  The Court shall retain jurisdiction for a period of five (5) years, for the purpose of enforcement or interpretation of the provisions of this Consent Decree upon the filing of an appropriate motion by either party.

32.  The parties to this Consent Decree shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by any party, whether willful or otherwise, to perform in a timely manner any act required by this Consent Decree or in the event of any other act violating any provision hereof, any party may move this Court to reopen the case and impose any remedy authorized by law or equity.

The undersigned apply for and consent to the entry of this Consent Decree:

**FOR PLAINTIFF THE UNITED STATES:**

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.- G St.
Washington, DC 20530
Tel. No. (202) 307-0385
Fax No. (202) 514-1116

PREET BHARARA
United States Attorney
Southern District of New York

By: _____
TARA M. La MORTE
JEANNETTE VARGAS
Assistant United States Attorneys
86 Chambers Street, 3rd Fl.
New York, New York 10007
Tel. No. (212) 637-2746
Fax No.  (212) 637-2702
Tara.LaMorte2@usdoj.gov
Jeannette.Vargas@usdoj.gov

14

**FOR PLAINTIFFS CAROL ENGLE, VIRGINIA MONCADA, STACIE EDWARDS-MELCHOR, KIMBERLY SMITH, AND AMY MARLETT:**

LAW OFFICES OF JOSHUA FRIEDMAN

By: *Joshua Friedman*

JOSHUA FRIEDMAN, ESQ.
DANIELA NANAU, ESQ.
Law Offices of Joshua Friedman
1050 Seven Oaks Lane
Mamaroneck, New York 10543
Josh@joshuafriedmanesq.com
daniela@joshuafriedmanesq.com

CONSENTED TO:

_____
CAROL ENGLE

Sworn to before me this
_____ day of _____ _____ 2012

_____
NOTARY PUBLIC

CONSENTED TO:

_____
VIRGINIA MONCADA

Sworn to before me this
_____ day of _____ _____ 2012

_____
NOTARY PUBLIC

CONSENTED TO:

_____
KIM SMITH

Sworn to before me this
_____ day of _____ 2012

_____
NOTARY PUBLIC

CONSENTED TO:

_____
STACIE EDWARDS

Sworn to before me this
_____ day of _____ 2012

_____
NOTARY PUBLIC

15

**FOR PLAINTIFFS CAROL ENGLE, VIRGINIA MONCADA, STACIE EDWARDS-MELCHOR, KIMBERLY SMITH, AND AMY MARLETT:**

LAW OFFICES OF JOSHUA FRIEDMAN

By: _____
    JOSHUA FRIEDMAN, ESQ.
    DANIELA NANAU, ESQ.
    Law Offices of Joshua Friedman
    1050 Seven Oaks Lane
    Mamaroneck, New York 10543
    Josh@joshuafriedmanesq.com
    daniela@joshuafriedmanesq.com

CONSENTED TO:

_____
CAROL ENGLE

Sworn to before me this
7th day of May 2012

_____
NOTARY PUBLIC
RITA J. WILLIAMS
Notary Public, State of New York
No. 4923495
Qualified in Kings County
Commission Expires May 21, 2014

CONSENTED TO:

_____
VIRGINIA MONCADA

Sworn to before me this
____ day of _____ 2012

_____
NOTARY PUBLIC

CONSENTED TO:

_____
KIM SMITH

Sworn to before me this
____ day of _____ 2012

_____
NOTARY PUBLIC

CONSENTED TO:

_____
STACIE EDWARDS

Sworn to before me this
____ day of _____ 2012

_____
NOTARY PUBLIC

16

FOR PLAINTIFFS CAROL ENGLE, VIRGINIA MONCADA, STACIE EDWARDS-MELCHOR, KIMBERLY SMITH, AND AMY MARLETT:

LAW OFFICES OF JOSHUA FRIEDMAN

By: _____
    JOSHUA FRIEDMAN, ESQ.
    DANIELA NANAU, ESQ.
    Law Offices of Joshua Friedman
    1050 Seven Oaks Lane
    Mamaroneck, New York 10543
    Josh@joshuafriedmanesq.com
    daniela@joshuafriedmanesq.com

CONSENTED TO:

_____
CAROL ENGLE

Sworn to before me this
_____ day of _____ 2012

_____
    NOTARY PUBLIC

CONSENTED TO:

_____
VIRGINIA MONCADA

Sworn to before me this
_____ day of _____ 2012

_____
    NOTARY PUBLIC

DAVID FARBER
NOTARY PUBLIC, State of New York
No. 01FA6214554
Qualified in New York County
Commission Expires Dec. 14, 2013

CONSENTED TO:

_____
KIM SMITH

Sworn to before me this
_____ day of _____ 2012

_____
    NOTARY PUBLIC

CONSENTED TO:

_____
STACIE EDWARDS

Sworn to before me this
_____ day of _____ 2012

_____
    NOTARY PUBLIC

**FOR PLAINTIFFS CAROL ENGLE, VIRGINIA MONCADA, STACIE EDWARDS-MELCHOR, KIMBERLY SMITH, AND AMY MARLETT:**

LAW OFFICES OF JOSHUA FRIEDMAN

By: _____

    JOSHUA FRIEDMAN, ESQ.
    DANIELA NANAU, ESQ.
    Law Offices of Joshua Friedman
    1050 Seven Oaks Lane
    Mamaroneck, New York 10543
    Josh@joshuafriedmanesq.com
    daniela@joshuafriedmanesq.com

CONSENTED TO:                         CONSENTED TO:

_____             _____

CAROL ENGLE                          VIRGINIA MONCADA

Sworn to before me this              Sworn to before me this
____ day of _____ 2012          ____ day of _____ 2012

_____             _____
    NOTARY PUBLIC                        NOTARY PUBLIC

CONSENTED TO:                         CONSENTED TO:

_____             _____

KIM SMITH                            STACIE EDWARDS

Sworn to before me this              Sworn to before me this
8th day of May '2012                 ____ day of _____ 2012

_____             _____
    NOTARY PUBLIC                        NOTARY PUBLIC

RITA J. WILLIAMS
Notary Public, State of New York
No. 4923495
Qualified in Kings County
Commission Expires May 21, 2014

16

**FOR PLAINTIFFS CAROL ENGLE, VIRGINIA MONCADA, STACIE EDWARDS-MELCHOR, KIMBERLY SMITH, AND AMY MARLETT:**

LAW OFFICES OF JOSHUA FRIEDMAN

By: _____
    JOSHUA FRIEDMAN, ESQ.
    DANIELA NANAU, ESQ.
    Law Offices of Joshua Friedman
    1050 Seven Oaks Lane
    Mamaroneck, New York 10543
    Josh@joshuafriedmanesq.com
    daniela@joshuafriedmanesq.com

CONSENTED TO:                         CONSENTED TO:

_____              _____
CAROL ENGLE                          VIRGINIA MONCADA

Sworn to before me this              Sworn to before me this
_____ day of _____ 2012         _____ day of _____ 2012

_____              _____
     NOTARY PUBLIC                        NOTARY PUBLIC

CONSENTED TO:                         CONSENTED TO:

_____              _____
KIM SMITH                            STACIE EDWARDS

Sworn to before me this              Sworn to before me this
_____ day of _____ 2012         _____ day of __May__ 2012

_____              _____
     NOTARY PUBLIC                        NOTARY PUBLIC

                                     DAVID FARBER
                              NOTARY PUBLIC, State of New York
                                     No. 01FA6214554
                                Qualified in New York County
                              Commission Expires Dec. 14, 2013

16

CONSENTED TO:

AMY MARETT

Sworn to before me this
__8__ day of __may__ 2012

NOTARY PUBLIC



TOM JANORO
Commission # 1912281
Notary Public - California
San Bernardino County
My Comm. Expires Nov 6, 2014

FOR DEFENDANT STANLEY KATZ:

DEWEY GOLKIN, ESQ.

By:_____
    Dewey Golkin, Esq.
    55 Liberty Street 17C
    New York, New York 10005

CONSENTED TO:

_____
STANLEY KATZ

Sworn to before me this
_____ day of _____ 2012

_____
    NOTARY PUBLIC

17

FOR DEFENDANT STANLEY KATZ:

DEWEY GOLKIN, ESQ.

By: _____
Dewey Golkin, Esq.
55 Liberty Street 17C
New York, New York 10005

CONSENTED TO:

_____
STANLEY KATZ

Sworn to before me this
____ day of _May_____ 2012
_____
NOTARY PUBLIC

**DEWEY GOLKIN**
**Notary Public, State of New York**
**No. 24-02-60-4723434**
**Qualified in Kings County**
**Commission Expires Oct. 31, 20 1 4**

FOR DEFENDANT STEPHEN KATZ:

JANE GOULD, ESQ.

By:

CONSENTED TO:

STEPHEN KATZ

Sworn to before me this
7TH day of M°N   2012

NOTARY PUBLIC

**DEWEY GOLKIN**
**Notary Public, State of New York**
**No. 24-02-60-4723434**
**Qualified in Kings County**
**Commission Expires Oct. 31, 20 14**

FOR DEFENDANT WILLIAM BARNASON:

JAMES RANDAZZO, ESQ.

By: _____
James Rindazzo, Esq.

CONSENTED TO:

_____
WILLIAM BARNASON

Sworn to before me this
____ day of May _____ 2012

_____
NOTARY PUBLIC
DEWEY GOLKIN
Notary Public, State of New York
No. 24-02-66-4723434
Qualified in Kings County
Commission Expires Oct. 31, 20__

**FOR DEFENDANT STEPHEN KATZ:**

JANE GOULD, ESQ.

By:_____

CONSENTED TO:

_____
STEPHENKATZ

Sworn to before me this
_____ day of _____ 2012

_____
NOTARY PUBLIC

**FOR DEFENDANT WILLIAM BARNASON:**

JAMES RANDAZZO, ESQ.

By:_____
James Randazzo, Esq.

CONSENTED TO:

_____
WILLIAM BARNASON

Sworn to before me this
_____ day of _____ 2012

_____
NOTARY PUBLIC

SO ORDERED in New York, New York this ___ day of _____ 2012:

_____
HONORABLE ROBERT W. SWEET
United States District Judge

17

ATTACHMENT A
FAIR HOUSING POSTER

U. S. Department of Housing and Urban Development





**EQUAL HOUSING OPPORTUNITY**

## We Do Business in Accordance With the Federal Fair Housing Law

(The Fair Housing Amendments Act of 1988)

---

## It is illegal to Discriminate Against Any Person Because of Race, Color, Religion, Sex, Handicap, Familial Status, or National Origin

---

- ■ In the sale or rental of housing or residential lots
- ■ In advertising the sale or rental of housing
- ■ In the financing of housing

- ■ In the provision of real estate brokerage services
- ■ In the appraisal of housing
- ■ Blockbusting is also illegal

---

Anyone who feels he or she has been discriminated against may file a complaint of housing discrimination:

    1-800-669-9777 (Toll Free)
    1-800-927-9275 (TTY)

**U.S. Department of Housing and Urban Development**
**Assistant Secretary for Fair Housing and Equal Opportunity**
**Washington, D.C. 20410**

---

form HUD-928.1  (2/2003)

**ATTACHMENT B**

The following represents the damages awarded to the following aggrieved persons:

1. Luz Vasquez:       $182,125.00
2. Stacie Edwards      $364,175.00
3. Carol Engle        $364,175.00
4. Amy Marlett        $364,175.00
5. Virginia Moncada  $364,175.00
6. Kimberly Smith     $364,175.00

Total Damages to Aggrieved Persons:        $2,003,00

Defendants will receive a credit regarding the following aggrieved persons in exchange for delivery of satisfactions of judgments in the following amounts:

1.    Carol Engle:        $24,620
2.    Amy Marlett:        $22,740
3.    Virginia Moncada:    $4,875
4.    Kimberly Smith:      $14,370

Total Credit to Defendants:   $66,605

## ATTACHMENT C

### FULL AND FINAL RELEASE OF CLAIMS

WHEREAS, I, _____ claim to be an aggrieved person within the meaning of 42 U.S.C. § 3614(d)(1)(B) and allege discrimination by Defendants Stanley Katz, Stephen Katz, and William Barnason in connection with my residency in rental property owned or managed by Mr. Katz; and

WHEREAS, the United States, Intervenor-Plaintiffs, and Defendants have voluntarily entered into a resolution of this matter and which resolution provides for payment by Defendants to the United States of a sum of money for the settlement of claims of aggrieved persons;

NOW, THEREFORE, in consideration of the amount of $_____, paid to me from the above-mentioned settlement funds, I therefore agree to release and discharge Defendants, their respective representatives, employees, agents, successors and assigns from any and all damages, actions, causes of action, claims, charges and demands of any kind in law or equity relating to residency in any property owned or managed by Stanley Katz howsoever originating and existing to the date hereof.

Date: _____

Signed: _____